IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYRUS M. SMITH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-10-782-D |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF OKLAHOMA COUNTY, OKLAHOMA, ) | |
| *et al.*, ) | |
| Defendants. ) | |

### **ORDER**

Before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint by Defendants Maughan, Satterwhite, and Matthews [Doc. No. 24], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] The Motion is directed at the First Amended Complaint of Plaintiffs Cyrus Smith, David Blount, Melvin Ballard, Donnie Roper, Reginald Coulter, Steven Patillo, and Danny Lee Chitwood, and the Complaint of Don Segura in this consolidated action.[2] The Motion is fully briefed and at issue.

---

[1] The Court has previously ruled on a similar motion by Defendant Board of County Commissioners of Oklahoma County, which will be discussed further below.

[2] The First Amended Complaint reflects the consolidation of Mr. Smith's action with the separately filed actions of other plaintiffs who filed suit at the same time (Case Nos. CIV-10-783-D, CIV-10-784-D, CIV-10-785-D, CIV-10-786, CIV-10-787, and CIV-10-788). Mr. Segura filed suit later, and his case was recently consolidated as well. *See Segura v. Board of County Comm'rs*, Case No. CIV-10-1375-D, Order (W.D. Okla. May 10, 2011). Defendants have advised the Court that the grounds for dismissal urged in this case should also be considered as directed at Mr. Segura's pleading, and that the separate motions for dismissal filed in his case may be disregarded. The Court proceeds accordingly.

Plaintiffs are former employees of Oklahoma County, Oklahoma, who are over 40 years of age and claim they were terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"). Plaintiffs also assert claims against three individuals involved in the terminations. Briefly stated, Plaintiffs allege they were subjected to age discrimination by Commissioner Brian Maughan, who took office in January, 2009, and "embarked on a campaign to discriminate against, harass, and defame the older employees of Oklahoma County District 2 because of their age." *See* First Am. Compl. [Doc. No. 20], ¶ 18. Commissioner Maughan allegedly was assisted in this effort by his chief deputy, Steve Satterwhite, and the director of human resources, Dan Matthews. Plaintiffs allege Commissioner Maughan manufactured pretextual reasons to terminate older workers by falsely accusing them of misusing county equipment and resources. These accusations allegedly were published to the news media outside of public meetings, and attributed criminal conduct to Plaintiffs in connection with their employment.

Plaintiffs assert some claims against all individual defendants: intentional infliction of emotional distress; and civil conspiracy. Plaintiffs assert two additional claims against only Commissioner Maughan: defamation (allegedly based on conduct outside the scope of his office or employment and, thus, not subject to the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq*.); and a claim under 42 U.S.C. § 1983 for the alleged violation of each plaintiff's Fourteenth Amendment right of substantive due process. The movants seek dismissal of all claims asserted against them.

## Standard of Decision

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Discussion

**A.      Claim under 42 U.S.C. § 1983 - Denial of Substantive Due Process**

Commissioner Maughan argues that Plaintiffs' § 1983 claim against him fails for the same reasons asserted by the Board of Commissioners of Oklahoma County (the "County") in support of its motion to dismiss Plaintiffs' § 1983 claim. In essence, the County argued that the alleged facts do not establish either that Plaintiffs' terminations implicated a liberty or property interest protected by the Fourteenth Amendment, or that a termination of public employment for allegedly false and pretextual reasons constitutes a violation of substantive

due process. For the reasons stated in the Court's Order of June 21, 2011, granting this part of the County's motion and dismissing Plaintiffs' § 1983 claim against the County, Commissioner Maughan is also entitled to the dismissal of this claim. *See* Order [Doc. No. 40] at 5-7. Also, Commissioner Maughan asserts the defense of qualified immunity, which protects him from personal liability under § 1983 unless he violated a constitutional or statutory right that was clearly established at the time of his conduct under the specific circumstances of the case. *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010); *Archuleta v. Wagner*, 523 F.3d 1278, 1282-83 (10th Cir. 2008). Plaintiffs have failed to respond to Commissioner Maughan's qualified immunity defense with argument showing their asserted right of substantive due process was "'clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits'" at the time of their terminations. *See Mink*, 613 F.3d at 1001 (quoting *Archuleta*, 523 F.3d at 1283). Therefore, Commissioner Maughan is entitled to the dismissal of Plaintiffs' § 1983 claim.

**B.     Defamation**

Regarding the state-law tort of defamation, Commissioner Maughan similarly adopts the County's arguments for dismissal of this claim. For the reasons stated in the June 21 Order, the Court finds that Plaintiffs' pleadings state a plausible claim of defamation. *See* Order [Doc. No. 40] at 7-9. Therefore, Commissioner Maughan is not entitled to dismissal of Plaintiffs' defamation claim.

## C.  Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress under Oklahoma law, a plaintiff must show: "(1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe." *See Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). To satisfy the second element, the defendant's conduct must be so extreme and outrageous as to be "beyond all possible bounds of decency" in the setting in which it occurred, or "utterly intolerable in a civilized community." *See Eddy v. Brown*, 715 P.2d 74, 77 (Okla. 1986); *see also Welton*, 49 P.3d at 735. Defendants argue that Plaintiffs have failed to allege sufficient facts to suggest extreme and outrageous conduct.

Accepting Plaintiffs' factual allegations as true, the pleadings relate the following conduct by Commissioner Maughan, Mr. Satterwhite, and Mr. Matthews (collectively, "Defendants"). Defendants allegedly requested a criminal investigation of Plaintiffs by the Oklahoma County Sheriff based on a purported report from an "anonymous citizen" that county trucks were dumping dirt on private property in Lincoln County. *See* First Am. Compl. [Doc. No. 20], ¶ 26. Defendants caused Plaintiffs to be interrogated for baseless criminal accusations and, although no charges were filed, placed Plaintiffs on administrative leave from their jobs. Subsequently, on October 1, 2009, Defendants called each plaintiff into an office at the Oklahoma County Courthouse and during the meeting with each plaintiff "intimidated, harassed, and subjected Plaintiffs to severe emotional distress by threatening

them with further criminal interrogation and, significantly, with criminal prosecution" that had no factual basis but was solely intended to harass Plaintiffs based on their age. *See id.*, ¶ 29.[3] At least two plaintiffs were told to either retire or be fired. *See id.* ¶¶ 33, 35. During the meetings, each plaintiff was discharged for the pretextual reason that he had misused county resources or equipment. Commissioner Maughan made multiple comments to the news media about the reasons for Plaintiffs' suspensions and terminations and, in so doing, published false information that attributed criminal activity to Plaintiffs and identified them by name. Commissioner Maughan expressly stated that criminal charges were warranted against Plaintiffs, even though none of them had engaged in any wrongdoing or criminal conduct, and he allegedly did so "to cover his own unlawful actions in discharging Plaintiffs because of their age." *See id.* ¶ 49. Further, Defendants allegedly acted together to accomplish the age discrimination and defamation perpetrated by Commissioner Maughan.

Upon consideration of these alleged facts, the Court finds them sufficient, if proven and viewed most favorably to Plaintiffs, to permit a finding of extreme and outrageous conduct by Defendants. With respect to this element of Plaintiffs' claim, a trial court performs a gatekeeper role. "'Where, under the facts before the court, reasonable persons may differ, it is for the jury, subject to the control of the court, to determine whether the conduct in any given case has been significantly extreme and outrageous to result in liability.'" *Welton*, 49 P.3d at 735 (quoting *Breeden v. League Serv. Corp.*, 575 P.2d 1374, 1377-78 (Okla. 1978)). To terminate county employees after decades of service based on

---

[3] The one exception is Plaintiff Segura, who apparently quit after being placed on administrative leave and allegedly was constructively discharged. *See* Case No. CIV-10-1375-D, Complaint, ¶¶ 20-21.

unfounded charges of criminal conduct in order to accomplish a new commissioner's goal to rid the county of older workers; to cause these employees to endure criminal interrogations and fear unfounded criminal prosecutions; and to release false accusations to the public that effectively "branded [the employees] as criminals on multiple occasions in various news sources" (*see* Pls.' Resp. Br. [Doc. No. 31] at 17-18) might reasonably be regarded as beyond the bounds of decency and intolerable in a civilized society. Therefore, the Court finds that Plaintiffs have stated a plausible claim for intentional infliction of emotional distress.

**D.      Civil Conspiracy**

Defendants contend Plaintiffs' are attempting to bring a "nebulous civil conspiracy claim" that appears to be asserted under federal and state law but is insufficient under either one. Because Plaintiffs did not cite any federal statute or authority in their pleadings, Defendants assume the claim is asserted under 42 U.S.C. § 1985(3) and argue Plaintiffs have not alleged sufficient facts to support such a claim.[4] Defendants do not specifically address Oklahoma law regarding the tort of civil conspiracy but argue generally that Plaintiffs' allegations are vague and conclusory.

      **1.      Federal Claim - Conspiracy to Violate Constitutional Rights**

Plaintiffs respond by identifying the legal authority for their federal civil rights conspiracy claim as 42 U.S.C. § 1983 and by articulating their legal theory is that Defendants

---

[4] Defendants also argue that any federal conspiracy claim should be precluded by the "intracorporate conspiracy doctrine," but they concede that the Tenth Circuit has rejected this doctrine as a defense to a civil rights conspiracy claim. *See* Defs.' Mot. Dism. [Doc. No. 24] at 14-15.

conspired to violate their constitutional right of substantive due process. *See* Pls.' Resp. Br. [Doc. No. 31] at 19, 20-21. Plaintiffs concede that such a claim requires proof that a conspiracy existed and that an actual deprivation of constitutional rights occurred. *See id.*; *see also Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995); *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Based on the Court's finding that Plaintiffs have failed to allege a violation of substantive due process, Plaintiffs' § 1983 claim based on a conspiracy to violate this right necessarily fails. Therefore, Defendants are entitled to the dismissal of Plaintiffs' federal conspiracy claim.

2.  **State Law Claim - Conspiracy to Commit Common Law Torts**

Under Oklahoma law, two or more persons who combine to do an unlawful act may be held liable for the injuries caused by the unlawful act. *See Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). "In essence, a civil conspiracy claim enlarges the pool of potential defendants from whom a plaintiff may recover for an underlying tort." *Id.* at 294 n.66.[5] Here, Plaintiffs argue that Defendants, acting outside the scope of their employment, conspired to commit the torts of defamation and intentional infliction of emotional distress alleged in their pleadings.[6] While this claim may add little to Plaintiffs' claim for intentional

---

[5] *See also Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 175 (Okla. 2008) ("As a general rule, an actionable conspiracy must consist of wrongs that could have been actionable against the individual conspirators.") (internal quotation omitted).

[6] The scope-of-employment allegation is both necessary to a suit against individual employees of a governmental entity, despite their immunity under the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172, and necessary to a conspiracy claim because "a governmental entity cannot conspire with itself." *Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1218 (Okla. Civ. App. 2004) (internal quotation omitted). Plaintiffs also seem to argue that Defendants conspired to discharge them for unlawful reasons, but because a termination of employment must be accomplished by an employer (or a managerial employee acting

infliction of emotional distress, which is brought against all individual defendants, proof that Defendants conspired to accomplish the defamation allegedly perpetrated by Commissioner Maughan might permit Plaintiffs' to recover from all individual defendants for the damages allegedly caused by the defamation. Therefore, the Court finds that Plaintiffs' pleadings are sufficient to state a civil conspiracy claim under Oklahoma law.

## Conclusion

For these reasons, the Court finds that Plaintiffs' pleadings fail to state a § 1983 claim against Commissioner Maughan for denial of substantive due process and fail to state a § 1983 civil rights conspiracy claim. However, Plaintiffs' pleadings are sufficient to state a defamation claim against Commissioner Maughan and claims for intentional infliction of emotional distress and civil conspiracy against all individual defendants. Because Plaintiffs have requested leave to amend their pleadings only if a factual deficiency is found, no opportunity for amendment will be granted at this time.[7]

IT IS THEREFORE ORDERED that the Motion to Dismiss Plaintiffs' First Amended Complaint by Defendants Maughan, Satterwhite, and Matthews [Doc. No. 24] is GRANTED in part and DENIED in part, as set forth herein. Plaintiffs' § 1983 substantive due process

---

within the scope of employment), it is unclear how Plaintiffs could assert such a conspiracy claim.

[7] The case will be set for a scheduling conference, and the Court anticipates entering a scheduling order that will establish a deadline for any other amendments that Plaintiffs may wish to request.

claim against Defendant Maughan and their § 1983 conspiracy claim against Defendants Maughan, Satterwhite, and Matthews are dismissed.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE