IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYRUS M. SMITH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-10-782-D |
| | ) |
| BOARD OF OKLAHOMA COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, OKLAHOMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Plaintiffs' Motions in Limine [Dkt. # 116] and Defendant Board of County Commissioners of Oklahoma County's (the "Board") Motion in Limine [Dkt. # 114], which are at issue.[1]

**A.   Plaintiffs' Motions in Limine**

Plaintiffs seek to exclude evidence and argument in four subject areas: (1) Plaintiffs' Dismissal and Notice of Rights letters from the EEOC; (2) allegedly unrelated incidents that occurred in 2004 involving Danny Beal, a nonparty to this suit; (3) hypothetical factual scenarios designed to elicit testimony related to Plaintiffs' moral character; and (4) Plaintiffs' employment of attorneys and the potential for payment of attorney's fees and costs.

---

[1] Defendant Brian Maughan's Motion in Limine [Dkt. # 120] has become moot due to Plaintiff's voluntary dismissal of Defendant Maughan in his individual capacity. *See* Joint Stipulation of Dismissal With Prejudice of Plaintiffs' Individual Claims Against Brian Maughan Only [Doc. No. 134].

The Court rules that the County may not introduce evidence of the EEOC's Dismissal and Notice of Rights letters regarding Plaintiffs' charges of discrimination because these documents, though relevant, are more prejudicial than probative within the meaning of Rule 403 of the Federal Rules of Evidence. In reaching this conclusion, the Court notes that the documents are form letters notifying each plaintiff that the EEOC was closing its file on his charge and that federal law permitted the filing of a lawsuit within 90 days. The only determination stated was: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *See* Pls.' Motion, Ex. 1 [Doc. No. 116-1]. The letters expressly state: "This does not certify that the respondent is in compliance with the statutes." *Id*. That is, the EEOC essentially decided to make no determination at all, and provided no explanation of its decision. Thus, the Court finds that the letters lack probative value and the Board's proposed use of them – as "[e]vidence that the EEOC finds no case" – would have a prejudicial effect. *See* Def. Board's Resp. Br. [Doc. No. 126] at 2. Other courts have reached similar conclusions. *See*, *e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284 (9th Cir. 2000) ("when [EEOC] letters report 'bare conclusions,' they have little probative value"); *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 202 (5th Cir. 1992) (upholding exclusion of EEOC's "no probable cause" determination because the possible prejudicial effect outweighed its probative value); *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (upholding exclusion of EEOC's "probable cause" determination because it lacked probative value).

Additionally, the Board may not introduce evidence related to the 2004 incident involving Mr. Beal or an investigation of Mr. Beal by the Department of Environmental Quality.[2] Plaintiffs were not involved in the 2004 incident nor any environmental violation by Mr. Beal, and the Board has failed to articulate how these matters are relevant to the trial issues in this case. The Court finds that such evidence is irrelevant under Rule 401 regarding the issues for which the Board apparently intends to offer it, that is, whether Commissioner Maughan's decision to terminate Plaintiffs five years later for *unrelated conduct* was discriminatory.[3] Accordingly, evidence regarding these matters is not admissible, pursuant to Fed. R. Evid. 402.

Likewise irrelevant under Rule 401 are Plaintiffs' responses to *hypothetical* fact questions posed during their depositions concerning their general understanding of morality. Plaintiffs' responses to such hypothetical questions have no bearing on the termination decision which underlies this lawsuit or the credibility of Plaintiffs' testimony. Accordingly, the Court finds testimony of this nature to be inadmissible.

Finally, the Court finds that evidence of the circumstances surrounding Plaintiffs' employment of their attorneys and the potential for recovery of attorney's fees is irrelevant

---

[2] The Court notes that the latter issue concerns exhibits listed in the Final Pretrial Report by Defendant Maughan, who has now been dismissed. *See supra* note 1. Thus, it is unclear whether this evidence remains pertinent. Because the Board opposes Plaintiff's Motion on this issue, however, the Court will address it.

[3] The Board's argument on this issue suggests there is evidence that "some of the plaintiffs" were involved in dumping dirt on Mr. Beal's property and this conduct may have been a factor in Commissioner Maughan's termination decision regarding these plaintiffs. Any such evidence would, of course, be relevant to the trial issues.

to any issue to be decided by the jury. Thus, any evidence regarding these subjects is also inadmissible.

**B.    The Board's Motions in Limine**

The Board seeks to exclude evidence and argument in three subject areas: (1) other lawsuits; (2) "miceallaneous [sic] complaints"; and (3) OESC rulings. Plaintiffs respond that they do not intend to offer evidence of other lawsuits or of OESC rulings unless Defendant opens the door to such testimony. Accordingly, the Court grants the Board's Motion as to these issues. With respect to OESC evidence, the Court notes that the Board objects only to admission of the OESC rulings themselves, and this Order excluding evidence and argument is similarly limited. The Court does not address, as unnecessary to a ruling on the Board's Motion, Plaintiffs' arguments regarding the admissibility of other OESC evidence.[4]

With respect to the remaining issue raised by the Board regarding miscellaneous complaints Plaintiffs may have lodged against District 2, the Court finds that the Motion should be denied as impermissibly vague and unduly broad. The Board seeks to exclude evidence of Plaintiffs' "individual general complaints about the manner in which District 2 operated on a day-to-day basis." *See* Def. Board's Motion [Doc. No. 114] at 2. The admissibility of this broad and undefined category of evidence cannot be evaluated in

---

[4] Specifically, the Court intimates no view regarding whether evidence that the Board falsely contested Plaintiffs' claims for unemployment benefits might be admissible to show pretext or bad faith, *see, e.g., Canady v. J.B. Hunt Transport, Inc.*, 970 F.2d 710, 712 (10th Cir. 1992), or whether portions of the OESC record may be admissible for some purposes. *See, e.g., Gabbert v. Board of Review for OESC*, 943 P.2d 158, 160 n.6 (Okla. Civ. App. 1997) ("Sworn statements produced in the OESC record . . . are not precluded for impeachment use in a separate or subsequent proceeding.").

advance of trial.  Accordingly, the Board's Motion is DENIED as to this issue, which should be the subject of specific, contemporaneous objections to particular evidence at trial.

**C. Conclusion**

For the foregoing reasons, the Court rules as follows:

- Plaintiffs' Motions in Limine [Dkt. # 116] are GRANTED, as stated herein.

- The Board's Motion in Limine [Dkt. # 114] is GRANTED in part and DENIED in part, as set forth herein.  Plaintiffs may not offer evidence or argument concerning other lawsuits involving the Board or concerning OESC rulings.  Any necessary rulings on the admissibility of evidence regarding Plaintiffs' general, operational complaints will be made at trial upon timely objection.

- Defendant Maughan's Motion in Limine [Dkt. # 120] is DENIED as moot.

IT IS SO ORDERED this 7th day of February, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE